# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MERLVIN L. PERKINS,                      :

      Plaintiff,                        :        Case No.  3:10cv0385

vs.                                      :        District Judge Walter Herbert Rice
                                            Magistrate Judge Sharon L. Ovington

JUDGE MICHAEL T. HALL, *et al.*,         :

      Defendants.                       :

## REPORT AND RECOMMENDATIONS[1]

## I.        PLAINTIFF'S COMPLAINT

Plaintiff Merlvin L. Perkins brings this case *pro se* claiming that the Judge and prosecutor during his state criminal trial violated his rights under the United States Constitution. Plaintiff proceeded *pro se* in his prior criminal case and the court appointed an attorney advisor to assist him in his self-representation.  The Defendants named in Plaintiff's Complaint are Judge Michael T. Hall and prosecutor Ward C. Barrentine. Plaintiff requests "compensation for time served in prison and all such relief to which I am entitled." (Doc. # 2 at 19)

A search of public records available on the Ohio Department of Rehabilitation and Corrections' website reveals that in June 2008 Plaintiff was convicted of intimidating a

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

victim or witness in violation of Ohio Rev. Code §2921.04 (third degree felony) and felonious assault in violation of Ohio Rev. Code §2903.11 (second degree felony).  *See* http://www.drc.ohio.gov (offender search).  He has apparently since been released. However, his convictions were upheld by the Second District Court of Appeals in *State v. Perkins*, 2010 Ohio 2640; 2010 Ohio App. LEXIS 2175, and the Supreme Court of Ohio denied his motion for leave to appeal in *State v. Perkins,* 2010 Ohio 4542, 2010 Ohio LEXIS 2438 (Ohio, September 29, 2010).

Plaintiff claims that Judge Hall violated his constitutional rights during his trial by precluding him from asking certain questions from certain witnesses. According to Plaintiff, the prosecutor went along with Judge Hall's alleged constitutional violations.

## II.    STANDARDS OF REVIEW

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying

2

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that the Complaint is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(I).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible."  *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §1915(2)(B)(ii).  A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v.*

3

*Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

## III.    ANALYSIS

Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law. Plaintiff previously filed an action in this Court against the same Defendants alleging the same constitutional violations. See: *Perkins v. Hall, et al.,* Case No. 3:08cv0360. Just as in the prior case, Plaintiff's factual allegations, although not delusional, fail to state a claim with an arguable basis in law.  This is so because under *Heck v. Humphrey*, 512 U.S. 477 (1994), his present federal constitutional claims brought under 42 U.S.C. §1983 are not cognizable.  The Supreme Court explained in *Heck*:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-87.

Plaintiff's Complaint seeks an award of damages against each named Defendant. To grant such relief would imply that his underlying convictions were constitutionally invalid even though the state courts have upheld his convictions.  Therefore, his present §1983 claims are not cognizable and subject to dismissal.  *See Heck*, 512 U.S. at 486-87; *see also Powers v. Hamilton County Public Defender*, 501 F.3d 592, 599-605 (6th Cir.

4

2007)(discussing *Heck*).

Plaintiff's complaint is also subject to dismissal because the Defendants are entitled to absolute immunity. Plaintiff's claims against each Defendant arise from conduct occurring during the course of trial. Judicial officers such as Judge Hall are absolutely immune from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F. 3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. Because Judge Hall is absolutely immune from money damages for statements made and decisions rendered in Court proceedings, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Moreover, acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Koubriti v. Convertino*, 593 F. 3d 495 (6th Cir. 2010). Because prosecutor Ward C. Barrentine is absolutely immune from money damages for statements made and decisions rendered in Court proceedings, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint should be

dismissed with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint be DISMISSED with prejudice;

2.      The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing
        reasons an appeal of an Order adopting this Report and Recommendations
        would not be taken in good faith, and consequently, leave for Plaintiff to
        appeal *in forma pauperis* should be denied; and

3.      The case be terminated on the docket of this Court.


October 21, 2010

                                        ____s/Sharon L. Ovington_____
                                            Sharon L. Ovington
                                        United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).